UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **PHI HEALTH, LLC,** | |
| *Plaintiff,* | |
| **v.** | |
| | **CIVIL ACTION NO.:** |
| **DAUGHERTY SYSTEMS, INC. D/B/A DAUGHERTY BUSINESS SOLUTIONS; BLUE CROSS BLUE SHIELD OF ILLINOIS, A DIVISION OF HEALTH CARE SERVICE CORPORATION; XYZ CORP; ABC CORP.** | |
| *Defendants.* | |

## COMPLAINT TO CONFIRM ARBITRAL AWARD

PHI Health, LLC brings this complaint to confirm an arbitration award entered in PHI's favor ("IDR Award 186332" or "IDR Award") and to enter judgment for PHI in the amount of $16,089.07, plus attorney's fees and pre-judgment and post-judgment interest.

## INTRODUCTION

1.      This action is necessary because Defendants have refused to pay to PHI the money that they were ordered to pay in arbitration awards rendered pursuant to the federal No Surprises Act.

2.      PHI is an air ambulance company that provides emergency medical transports to patients across the country. PHI transported a patient covered by Defendants. After Defendants refused to pay PHI's billed charges for this service, PHI initiated an arbitration pursuant to the

5124717 v2 - 002

federal No Suprises Act. That Act gives PHI the power to compel group health insurance plans and insurers to participate in binding arbitration over the amount of reimbursement owed. The arbitration is called "Independent Dispute Resolution," or IDR; the arbitrator is called an "IDR entity."

3.     The No Surprises Act makes the IDR entity's determination "binding upon the parties involved," and requires the group health plan or insurer to pay what it owes within thirty calendar days after the IDR entity's determination is made.

4.     This confirmation action is made necessary because Defendants have failed—for many months—to pay PHI what the IDR entity's determination, and the No Surprises Act, require Defendants to pay for PHI's services.

5.     PHI therefore brings this complaint, pursuant to the Federal Arbitration Act ("FAA") and the Illinois Uniform Arbitration Act ("IUAA") to enter an order confirming the IDR award and judgment against Defendants for the amount of money they owe, in addition to attorneys' fees and a pre- and post-judgment interest rate.

## PARTIES

6.     PHI is a limited liability company organized under the laws of the State of Louisiana and headquartered in Phoenix, Arizona. PHI does not have a network contract with Defendant Blue Cross; PHI is thus a "nonparticipating provider" for purposes of the No Surprises Act.

7.     Defendant Daugherty Systems, Inc, d/b/a, Daugherty Business Solutions ("Daugherty Systems") is the group benefit plan sponsor ("Plan Sponsor") that purchased a group health insurance policy that was underwritten by Blue Cross Blue Shield of Illinois, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company ("Blue Cross"). Daugherty

2

Systems is registered with the Illinois Secretary of State's Office, maintains an office at 1 Tower Lane, Suite 200, Oakbrook Terrace, IL 60181 and may be served with process at 1 Tower Lane, Ste 200, Oakbrook Terrace, IL 60181 through its registered agent Ron L. Daugherty.

8.      If Daugherty Systems is not in fact the Plan Sponsor of the group health insurance policy or group health plan that covers the patient transported by PHI, then the identity of the Plan Sponsor is unknown to PHI and this action is instead brought against ABC CORP. PHI does not know the identity of ABC CORP. Defendant Daugherty Systems is aware of the identity of ABC CORP. Attached as Exhibit 1 and served with this Complaint is PHI's First Set of Interrogatories to confirm the identification of the Plan Sponsor. Daugherty Systems and Blue Cross are collectively referred to as "Defendants."

9.      Defendant Blue Cross is an insurance company that provides underwriting for group benefit plans, as well as service agent and administrative services.

10.     Upon information and belief, Blue Cross is the insurance company providing underwriting and/or administrative services to the Plan Sponsor of the group health insurance plan in which the patient transported by PHI was a member.  Blue Cross is authorized to act as a health insurer in the State of Illinois. It may be validly served with process at 300 East Randolph Street, Chicago, Illinois 60601-5099.

11.     If Blue Cross is not in fact the underwriter or administrative service provider to the Plan Sponsor of the group health insurance policy or group health plan that covers the patient transported by PHI, then the identity of the administrative service provider and/or underwriter is unknown to PHI and this action is instead brought against XYZ CORP. PHI does not know the identity of XYZ CORP. Defendant Blue Cross is aware of the identity of XYZ CORP. PHI is unaware of whether this group health insurance policy or group health insurance plan is fully insured

or self-insured. Blue Cross is aware of whether it is a fully insured or self-insured plan. Attached as Exhibit 2 and served with this Complaint is PHI's First Set of Interrogatories to Blue Cross to confirm the identification of the administrator and underwriter to the Plan Sponsor and whether the plan is fully or self-insured.

## JURISDICTION AND VENUE

12.     The Court has federal question subject-matter jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because this is an action to confirm a federal arbitral award entered pursuant to the federal No Surprises Act, which federal law makes the IDR award "binding" on Defendants and also requires Defendants to pay what is owed within thirty days of the IDR entity's decision. 42 U.S.C. §300gg-112(b)(6).

13.     Venue is proper in this District because Defendant Daugherty Systems maintains an office here, is registered with the Illinois Secretary of State, and a substantial portion of the acts and omissions giving rise to the claims at issue occurred here.

14.     This Court has personal jurisdiction over Defendants because Defendants do significant business in this State and have a significant presence here, and PHI's claims arise out of Defendants' contacts with Illinois.

## BACKGROUND ON THE NO SURPRISES ACT

15.     The No Surprises Act creates a federal obligation for group health plans and health insurers to pay out-of-network providers of air ambulance services (which the Act calls "nonparticipating providers") for emergency services rendered to the plans' or insurers' covered members or insureds. Specifically, the group health plan or insurer must pay the out-of-network air-ambulance provider the dollar amount by which the "out of network rate (as defined in section 300gg-111(a)(3)(K) of this title) . . . exceeds the [patient's] cost sharing amount." 42

4

U.S.C.§ 300gg-112(a)(3)(B).[1]

16.     The NSA contains a detailed mechanism for determining what the appropriate "out of network" rate is in each case. If the out-of-network air ambulance provider and the health plan or insurer are not able to agree on the appropriate out-of-network rate, then the rate is set by a "determination" of a "certified IDR entity" rendered in an "independent dispute resolution [IDR] process." 42 U.S.C. § 300gg-111(a)(3)(K).

17.     The IDR process is baseball-style arbitration.  Each side (the air ambulance provider and the group health plan or insurer) submits its own "offer" to the IDR entity stating what it believes the appropriate out-of-network rate to be; each party also submits reasons and evidence supporting its offer. *Id.* § 300gg-112(b)(5)(B). The IDR entity considers a number of factors, *see id.* § 300gg-112(b)(5)(C) & (D), and based on those factors "select[s] one of the offers submitted . . . to be the amount of payment," that is, to be the appropriate out-of-network rate for that transport. *Id.* § 300gg-112(b)(5)(A).

18.     The IDR entity's "determination" is made "binding" by the NSA, which states:

**(E) Effects of determination**

    **(i) In general**

        A determination of a certified IDR entity under subparagraph (A)--

(I)     shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts presented to the IDR entity involved regarding such claim; and

---

[1] The No Surprises Act is codified in triplicate in three different parts of the U.S. Code: 42 U.S.C. § 300gg-111 *et seq.*; (the Public Health Service ("PHS") Act); 29 U.S.C. §§ 1185e *et seq.* (ERISA); and 26 U.S.C. §§ 9816 *et seq.* (the Internal Revenue Code "IRC"). For ease of reference, this complaint cites the PHS Act provisions. The other provisions do not differ from the PHS Act provisions in any way that is significant for purposes of this petition.

(II)     shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of Title 9.

42 U.S.C § 300gg-111(c)(5)(E). The statute just quoted "shall apply" to air ambulance IDR determinations. *Id.* § 300gg-112(b)(D).

19.     The group health plan or insurer must make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* § 300gg-112(b)(6).

## THE FACTS OF THIS DISPUTE

20.     In 2022, PHI supplied emergency air ambulance transport services to a patient who was insured by Defendant Blue Cross under Group No. W60179M003. The subscriber's Member ID No. was DBI420W00442 according to the "Insurance Verification Form" obtained from Passport OneSource by PHI on April 8, 2022.

21.     PHI sent Blue Cross a bill for the transportation services provided to this patient. As defined above, Blue Cross is the insurer and/or administrator of Defendants' Plan and is an authorized agent of Daugherty Systems or XYZ Corp. as Plan Sponsor.

22.      Blue Cross sent PHI an "Explanation of Benefits" form relating to the transport at issue in this case. That form stated that the "Claim No" was 0000216023054090C. Blue Cross also sent PHI a "Provider Claim Summary" stating that Blue Cross made an initial payment to PHI for service code A0431 in the amount $13,665.33. The form also stated that the "PATIENT'S SHARE" was "$0.00."

23.     On December 19, 2022, PHI initiated IDR proceedings by submitting a Notice of Initiation through the federal IDR Portal for the transport at issue in this case.  PHI gave valid notice

6

to Blue Cross of the initiation of IDR proceedings.

24.     The IDR dispute for service code A0431 was assigned IDR reference number 186332. The IDR entity assigned to the dispute was National Medical Reviews, Inc. (the "IDR Entity").

25.     On October 31, 2023, the IDR Entity transmitted to PHI its Written Payment Determination Notice (the "IDR Award"). The IDR Award determined that the appropriate out-of-network rate for this transport is $29,754.40. The IDR Award is attached hereto as Exhibit 2.

26.     The No Surprises Act obligates Defendant to pay PHI a total amount of $16,089.07 (the "IDR Award Balance Owed"), which represents (i) the "out-of-network rates" determined by the IDR Entity and set forth in the IDR Award; minus (ii) the patient's "cost sharing" amount as determined by Defendant, and minus (iii) the amounts previously paid by Defendant:

| Service Code | IDR No | IDR Award | Initial Payment | Patient's "Cost Sharing" | IDR Award Balance Owed |
|---|---|---|---|---|---|
| A0431 | 186332 | $29,754.40 | $13,665.33 | $0.00 | $16,089.07 |

27.     On November 30, 2023 and January 2, 2024, PHI rendered a statement of account to Blue Cross identifying the IDR Award determination date, the IDR Award, the IDR Entity, the payment due date, the balance owed, the underlying claim number, and the PHI account number, and PHI stated further that the balance owed was outstanding in violation of the 30-day payment deadline. True and accurate copies of the November 30, 2024 and January 2, 2024 correspondence are attached hereto as Exhibit 4.

5124717 v2 - 002

28.     To date, Defendant has not responded to PHI's demands for payment, nor paid PHI the full amount it owes, which is $16,089.07.

## CAUSES OF ACTION

### Count I
### Application to Confirm the IDR Award
### Under the Federal Arbitration Act, 9 U.S.C § 9

29.     PHI incorporates by reference the allegations of the preceding paragraphs.

30.     The IDR Award should be confirmed by judgment of this Court pursuant to the FAA, 9 U.S.C. § 9.

31.     The IDR Award are valid and have not been vacated or set aside by any authority.

32.     No grounds exist for vacating, modifying, or correcting the IDR Award.

33.     Confirmation of the IDR Award necessitates a money judgment in PHI's favor in the total amount that Defendants are obligated to pay to PHI.

### Count II
### Application to Confirm the IDR Award
### Under the Illinois Uniform Arbitration Act

34.     PHI incorporates by reference the allegations of the preceding paragraphs.

35.     The IDR Award should be confirmed by judgment of this Court pursuant to the Illinois Uniform Arbitration Act. *See* 710 ILCS 5/11.

36.     The IDR Award are valid and have not been vacated or set aside by any authority.

37.     No grounds exist for vacating, modifying, or correcting the IDR Award.

38.     Confirmation of the IDR Award necessitates a money judgment in PHI's favor in the total amount that Defendants are obligated to pay to PHI.

### Count III
### Implied Right of Action under the NSA

39.     PHI incorporates by reference the allegations of the preceding paragraphs.

8

40.     The No Surprises Act ("NSA") includes an implied right of action against Defendants for the amount owed to PHI.

41.     Specifically, the NSA requires Defendants to make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* § 300gg-112(b)(6). The NSA thus requires Defendants to pay $16,089.07 to PHI for the transport at issue in this case.

**Count IV**
**Account Stated**
**(Blue Cross)**

42.     PHI incorporates by reference the allegations of the preceding paragraphs.

43.     Since the enactment of the NSA, PHI has regularly billed Blue Cross for amounts owed on IDR awards following binding determinations made by IDR entities, and Blue Cross has regularly remitted such payments to PHI.

44.     In connection with the IDR Award which is the subject of this Complaint, on November 30, 2023, PHI rendered a statement of account to Blue Cross identifying the IDR Award determination date, the IDR Award, the IDR Entity, the payment due date, the balance owed, the underlying claim number, and the PHI account number.  PHI sent an identical statement of account to Blue Cross on January 2, 2024.  Both statements of account stated that the balance owed to PHI was past due.  *See* Exhibit 4.

45.     Blue Cross has retained the statement of account sent by PHI on November 30, 2023, and again on January 2, 2024, through the date of the filing of this Complaint without making any objection to the correctness of the account arising out of the IDR Award.

46.     Blue Cross has acquiesced to paying the account stated by failing to respond or challenge the accuracy of the information and accounts conveyed by PHI.

47.     Pursuant to the Illinois Interest Act, 815 ILCS 205/2, PHI is entitled to receive interest at the rate of five (5) per centum per annum for all moneys due as of the date of the IDR Award.

### **PRAYER FOR RELIEF**

48.     PHI requests that the Court enter final judgment in its favor and against Defendants as follows:

a.      Confirming the IDR Award pursuant to the Federal Arbitration Act;

b.      Confirming the IDR Award pursuant to the Illinois Uniform Arbitration Act;

c.      Ordering Defendants to pay PHI the amount of $16,089.07, representing the IDR Award Balance Owed;

d.      Ordering Defendants to pay PHI pre-judgment interest as of the date of the Award;

e.      Ordering Defendants to pay PHI post-judgment interest;

f.      Ordering Defendant Blue Cross Blue Shield to pay PHI as determined by the Illinois Interest Act, 815 ILCS 205/2;

g.      Ordering Defendants to pay PHI's attorney fees incurred in this action, the amount of which PHI will prove by separate motion; and

h.      Awarding PHI all other relief to which it may be entitled.


Dated: October 30, 2024

Respectfully submitted,


By: _/s/ *Steven L. Vanderporten*_____
      Counsel for Plaintiff, PHI Health, LLC

Steven L. Vanderporten (ARDC # 6314184)
Fox Swibel Levin & Carroll LLP
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1218
Email: svanderporten@foxswibel.com

5124717 v2 - 002